with costs, with leave to defendants to answer on payment of costs. No opinion.

Peppina A. Silverman and Another, Respondents, v. Belle Heyman, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

W. Emlen Roosevelt and Another, Respondents, v. American Veterinary College et al., William C. Lesster, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

George H. Newton and Others, Respondents, v. A. J. Lyman, Appellant.— Order modified by striking out all reference to section 550 of the Code, in the order of arrest, and, as modified, affirmed, without costs. No opinion.

In the Matter of Maria Van Vleck.— Order affirmed, with ten dollars costs and disbursements. No opinion.

John J. Bordman and Another, Plaintiffs, v. James B. Kinney and Others, Defendants.— Motion granted, with ten dollars costs.

Gray Latham and Another, Plaintiffs, v. Samuel J. Tilden and Others, Defendants.— Motion granted, with ten dollars costs.

Moritz Freedman and Others, Plaintiffs, v. Pietro Catalano and Others, Defendants.— Motion granted, with ten dollars costs.

Jacob W. Rein, Plaintiff, v. John Scott, Defendant.— Motion granted, with ten dollars costs.

Manhattan Savings Institution, Plaintiff, v. Mary Greeley and Others, Defendants.— Motion to dismiss appeal on payment of ten dollars costs.

The People of the State of New York ex rel. John Gillespie v. Board of Fire Commissioners, Respondent. — Writ quashed, with costs.—

O'Brien, J.: The relator was a member of the uniformed force of the fire department of the city of New York from May 3, 1875, until June 22, 1888, when he was dismissed upon charges of bad conduct in using improper language to another fireman and absence without leave. The relator was required to attend before the commissioners on June 20, 1886, and on that day the doctor connected with the department visited him and refused him sick leave. The relator, however, did not attend, and the hearing was adjourned until June twenty-second, with directions to have additional charges of absence without leave preferred. On the latter date the relator again made default, neither appearing nor sending any excuse for his non-appearance, and the commissioners then proceeded to try the charges, and, having concluded that they were sustained, dismissed the relator. In August, 1888, the relator applied to the commissioners for leave to open the default and to answer, and for a rehearing, upon affidavits tending to show that from June 19 to June 22, 1888, he was suffering from a severe laceration of the lower lip, which he claimed he had received on the sixteenth of June, which rendered him incapable of attending to duty, and that on June twenty-second, the date for which the hearing was set down, he sent a messenger to notify the commissioners of his condition, but that such messenger was prevented from presenting the relator's excuse by being obliged to attend to his own business. The commissioners in October granted such rehearing, setting it down for November 8, 1888, upon which day the relator attended with his witnesses, and the charges were again examined into. The relator produced witnesses who testified to substantially the same state of facts as appeared in the affidavits asking for a rehearing, namely, that the laceration of the relator's lip was so serious as to incapacitate him for duty. As against such witnesses the commissioners had the testimony of the doctor of the de-

partment, who had visited him, and who testified that he found him, at the time of his visit, in a state of intoxication, and noticed no such condition of the face or lip as would render him unable to perform his duty. This was supported by the testimony of the foreman of the company, who testified that he was in quarters on the seventeenth, eighteenth and nineteenth of June, and that on the seventeenth and eighteenth, both being dates after the relator received the wound to the lip, as claimed, the relator was present and went with the company to a fire; that during the period from June sixteenth to the evening of June nineteenth the relator made no complaint of being unable to perform duty, but performed it in the regular way, and that on the evening of the nineteenth he left quarters and did not return after that. On the eighteenth of June he was served with a copy of the charges and notice of trial for the twentieth by the foreman, at the quarters of the company, and on the evening of June twentieth he was served with notice of the adjournment to the twenty-second. In this state of the record we do not think that the decision holding the relator guilty upon the charges was without evidence to support it, or against the preponderance of evidence, nor do we think, from the treatment accorded, the relator by the commissioners, that the charge he makes of prejudice against him has been sustained. He was given two opportunities to appear and answer, and except his statement that he was sick on the twentieth, and that his messenger did not deliver his message on the twenty-second, no excuse is presented for his failure to attend and answer the charges. Notwithstanding this, a rehearing was given him and an opportunity to present all his witnesses, and the question was again inquired into, as seen, on November 8, 1888, and after a full hearing the charges were found to have been sustained. The only criticism made as to the trial had in November was that the opportunity was not afforded the relator of obtaining the evidence of the doctor who attended him. The counsel stated to the commissioners that the doctor had been subpoenaed and promised to attend. We do not think, however, that after all the time and opportunity given to the relator, that the commissioners were obliged again to adjourn to suit the convenience of one of relator's witnesses. Apart, however, from this no harm was done, because the commissioners permitted the relator to submit the affidavit of the doctor, and it appears in the record, just as would his testimony, and goes only to the extent of showing that the relator was treated for lacerated lip. Upon the entire case, we think the conclusion at which the commissioners undoubtedly arrived was justified, to the effect that the wound was not so serious as to unfit the relator for performing his duty and that this was afterwards availed of as a pretext to excuse an absence which, according to the testimony of the doctor as to the condition in which he found the relator when he visited him, and as to the admissions made to him by the relator, was due to intoxication. It will be noticed that we have not commented upon the fact that this proceeding was allowed to slumber from the early part of 1889 until it was brought on for hearing at the June term in 1895; and accepting the new excuse given, that the relator was without means, still the fact remains that here, again, as all through the proceedings, the evidence is furnished of a failure to show any diligence or care in observing the rules of the department, or in pursuing the remedy which was open to him when, as claimed, he was aggrieved by the